UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDELL LEE WYATT,

       Petitioner,

                                          CASE NO. 2:07-CV-12896
v.                                   CHIEF JUDGE BERNARD A. FRIEDMAN
                                          MAGISTRATE JUDGE PAUL KOMIVES

GERALD HOFBAUER

       Respondent.[1]
                                /

## REPORT AND RECOMMENDATION ON RESPONDENT'S
## MOTION FOR SUMMARY JUDGMENT (docket #8)

I.     RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss (docket #5).

II.    REPORT:

A.    *Procedural Background*

Petitioner Ardell Lee Wyatt is a state prisoner, currently confined at the Marquette Branch Prison in Marquette, Michigan. Petitioner is serving a sentence of 4-20 years' imprisonment imposed as a result of his 1992 state court convictions for delivery of cocaine and his subsequent 2001 conviction for violating his parole. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was originally convicted of delivery of less than 50 grams of cocaine on February 10, 1992, pursuant to his guilty plea. On April 15, 1992, he was sentenced to a life time term of probation.

- On February 5, 2001, petitioner pleaded guilty to violating his probation. On March

---

[1] By Order entered this date, Gerald Hofbauer has been substituted for Percy Conerly as the proper respondent in this action.

1, 2001, he was sentenced to a term of 4-20 years' imprisonment.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on October 4, 2001. *See People v. Wyatt*, No. 236143 (Mich. Ct. App. Oct. 4, 2001). Petitioner did not seek leave to appeal this decision in the Michigan Supreme Court.

- On December 1, 2003, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on February 19, 2004.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on September 1, 2004. *See People v. Wyatt*, No. 256577 (Mich. Ct. App. Sept. 1, 2004).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on May 31, 2005. *See People v. Wyatt*, 472 Mich. 914, 697 N.W.2d 154 (2005).

- Petitioner attempted to file a second motion for relief from judgment on November 29, 2005. That motion was rejected by the trial court as a successive motion on January 3, 2006. It is unclear whether petitioner filed any appeal from this decision.

On June 25, 2007, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] As grounds for the writ, petitioner contends that his plea was coerced, his conviction resulted from an illegal search, the prosecution suppressed favorable evidence, he received ineffective assistance of counsel, and he was sentenced based on facts not admitted to in his plea.. Respondent filed a motion for summary judgment on January 23, 2008, arguing that petitioner's habeas application is untimely. Petitioner filed a letter response to the motion on June 9, 2008. Petitioner's response does not address the limitations issue. For the reasons that follow, the Court should grant

---

[2]Although petitioner's application is file-stamped July 11, 2007, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated June 25, 2007. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on June 25, 2007.

respondent's motion for summary judgment.

B.  *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the default starting provision of subparagraph (A) applies, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

---

[3] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.

In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, the Michigan Court of Appeals denied petitioner's application for leave to appeal his conviction on October 4, 2001. He then had 56 days in which to seek leave to appeal in the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C). Because he did not file an application for leave to appeal, his conviction became final on November 30, 2001, when his time for seeking leave expired, *see Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002) (Rosen, J.),[4] and the limitations

---

[4]"Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Here, however, Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to file an application for leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari." *Gordon v. Davis*, No. 06-CV-11882, 2007 WL 4327779,

4

period expired one year later on November 30, 2002. Because petitioner did not file his petition until June 25, 2007, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's first motion for relief from judgment was filed in the trial court on December 1, 2003. At this time, the limitations period had expired one day earlier. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his motion for relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.).[5]

---

at *3 n.2 (E.D. Mich. Dec. 7, 2007) (Edmunds, J.).

[5]Although petitioner's state court motion was filed only one day late, and he thus presumably gave it to prison officials before the expiration of the limitations period, the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), does not require that his state postconviction motion be deemed to have been "properly filed" and "pending" under § 2244(d)(2) on the date that it was given to prison officials for mailing. As the Supreme Court has explained, under the tolling provision "[a]n application is 'filed' . . . when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations omitted). Thus, under the plain language of § 2244(d)(2) an application for postconviction relief in the state courts is not properly filed and pending until it is actually received by the state court and accepted for filing. *Houston*, *supra*, does not alter this result

Petitioner does not directly address the limitations issue, and thus provides no argument for rejecting this conclusion. I do note, however, that petitioner is not, by virtue of his sentencing claim, entitled to a delayed starting of the limitations period under subparagraph (C). Petitioner's sentencing claim is based on the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). At the outset, even if *Blakely* and *Booker* entitled petitioner to delayed starting under § 2244(d)(1)(C), it would only render petitioner's *Blakely/Booker* claim timely; it would not affect the timeliness of the other claims. This is because a petition's timeliness is determined on a claim-by-claim basis. *See Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004); *Jackson v. Hofbauer*, No. 05-CV-74916-DT, 2007 WL 391405, at *7-*8 (E.D. Mich. Jan.

---

In *Houston*, the Supreme Court held that, under Rule 4 of the Federal Rules of Appellate Procedure, a *pro se* prisoner's appeal should be deemed "filed" on the date it is given to prison officials for mailing. *See Houston*, 487 U.S. at 275-77. The rule of *Houston* has since been extended to other filings by prisoners. *See, e.g.*, *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723-24 (N.D. Ohio 1998) (discussing cases). However, *Houston* and the subsequent cases extending the rationale of *Houston* were decided as matters of interpretation of various federal rules and statutes. The rule of *Houston* does not rest on constitutional grounds, and thus a state is not required to adopt the prison "mailbox rule." *See Adams v. LeMaster*, 223 F.3d 1177, 1182 n.4 (10th Cir. 2000). The Michigan courts have expressly rejected the mailbox rule of *Houston*. *See Moore v. Michigan Department of Corrections*, 615 N.W.2d 212, 212-13 (Mich. 2000) (Corrigan, J., concurring in denial of leave to appeal); *Walker-Bey v. Department of Corrections*, 222 Mich. App. 605, 608-11, 564 N.W.2d 171, 172-73 (1997). For these reasons, "the federal mailbox rule announced in *Houston v. Lack* does not apply to § 2244(d)(2) for purposes of determining when the tolling period for a properly-filed state petition begins." *Adams*, 223 F.3d at 1181; *accord Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *cf. Fex v. Michigan*, 507 U.S. 43 (1993) (holding that mailbox rule does not apply to filing by state prisoner under Interstate Agreement on Detainers where statutory language governs what constitutes a "filing"). Because state law provides the basis for determining when an application is properly filed, and because Michigan has not adopted the mailbox rule, *Houston* does not render petitioner's habeas applications timely. *See Herron v. Smith*, No. 01-CV-71867-DT, 2001 WL 902621, at *2 (E.D. Mich. June 29, 2001) (Friedman, J.). Further, even if petitioner were given the benefit of the mailbox rule, his application would still be untimely. The mailbox rule would add at most a few days to the limitations clock; however, another six months elapsed between the Michigan Supreme Court's denial of leave to appeal on petitioner's first motion and the filing of his second motion. Thus, even if petitioner were given the benefit of the mailbox rule with respect to his first postconviction motion, his habeas application would still be untimely.

31, 2007) (Cleland, J., adopting Report of Komives, M.J.); *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005). *See generally*, *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005) ("Similarly, § 2244(d)(1) provides that a '1-year period of limitation shall apply to an application for a writ of habeas corpus.' (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate)."). Because *Blakely* and *Booker* have no bearing on petitioner's other claims, the timeliness of those claims is governed by § 2244(d)(1)(A).

With respect to petitioner's *Blakely/Booker* claim itself, those decisions do not render his application timely under § 2244(d)(1)(C). As noted above, under that provision the limitations period may commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). This provision is inapplicable here, however, because neither *Blakely* nor *Booker* is retroactively applicable to cases on collateral review. As the Sixth Circuit has explained, "[i]t is soundly established that *Blakely* and *Booker* do not apply retroactively to cases on collateral review." *Hicks v. United States*, 258 Fed. Appx. 850, 854 (6th Cir. 2007) (citing *Valentine v. United States*, 488 F.3d 305, 331 (6th Cir. 2007); *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005)). Thus, *Blakely* and *Booker* do not provide a basis for delaying the start of the limitations period, *see Thomas v. United States*, 490 F. Supp. 2d 865, 868-69 (N.D. Ohio 2007), and thus petitioner's application is untimely under § 2244(d)(1)(A).

C.   *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ

of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to for summary judgment and should dismiss the petition.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 7/22/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 22, 2008.
>
> s/Eddrey Butts
> Case Manager